Good morning. May it please the court. Mr. Austell, I am Kelly Taylor from the Office of the State Appellate Defender. On behalf of the defendant, I would like to ask you to please stand and be recognized. Keenan Allen. Mr. Allen pled guilty to one count of murder and one count of attempt murder for murders involving a knife. The issue today is that Mr. Allen's guilty plea was entered based on a misapprehension of the law, resulting from counsel's ineffectiveness, and thus the plea was not knowingly, intelligently, and voluntarily made. Mr. Allen respectfully requests that this honorable court vacate his guilty plea and remove him from the case. Mr. Allen agreed to plead guilty to a sentencing cap of 70 years, and the maximum he could have gotten here was 90 years. He was sentenced to 50 years for the murder and 20 years for the attempt murder for a sentence of 70 years, which was the maximum he could have gotten under the cap. Defense counsel Mark Rose filed a motion to reduce sentence or to withdraw a plea. The motion was denied, and Mr. Allen appealed in 314-0189, which Justice Carter, you might remember, I think you were on the panel last time. This court remanded the case due to a deficient 604D certificate, and now it's back again. Mr. William, Attorney William Loeffel was appointed on remand, and he filed a motion to withdraw a defendant's guilty plea. At the motion hearing, Allen testified that Mark Rose told him that he could appeal his sentence if it was too close to the top of the cap. Mr. Allen relied on this erroneous advice and entered into a plea for a non-appealable, de facto life sentence. Mr. Rose's ineffective assistance induced Allen to enter a plea agreement under a misapprehension of the law, and the plea was not voluntary. As an initial matter, the state argues that Rose's advice was correct because a defendant can challenge a negotiated sentence on direct appeal so long as he includes an excessive sentencing claim in his motion to withdraw. Well-established case law has shown that a sentence entered upon a partially negotiated guilty plea cannot be challenged as excessive. Under Strickland v. Washington, Mr. Allen received ineffective assistance of counsel. Do you have to show some prejudice? Hall has not been overruled. We're not saying that it should be overruled, but Hall is intended for cases where, as in Hall, a defendant alleges that an attorney's advice prevented him from going to trial with a viable defense. That is not the type of situation that we have here, and the nature of the prejudice suffered should determine the nature of the appropriate remedy. Some more recent cases, such as Lee v. United States, have shown that more of a common-sense prejudice argument is appropriate. In Lee, the court found that success at trial is not the proper basis to judge prejudice in all contexts. In Lee, the counsel's erroneous advice that Lee would not be deported prejudiced Lee, despite Mr. Lee's grim prospects of acquittal at trial. The court found that the error was, quote, one that affected his understanding of the consequences of pleading guilty. Well, Mr. Allen's not going to be deported, right? No, he's not going to be deported. So, what's your common-sense prejudice argument in this case? So, here, Mr. Allen did not know, when he pled guilty, that he could not appeal the 70-year sentence. He entered into it thinking, okay, 70 years is not... 70 years, if the judge comes in too high under that, I can appeal that. That's what his attorney told him. Okay, and if he appealed it, what do you reckon the likelihood is that this court would have reduced it? I cannot speak for this court. I mean, this court would have had to consider the fact that Mr. Allen has PTSD from witnessing his parents' murder-suicide. I mean, there are some mitigating factors, but the point is that, you know, whether this court should, you know, what this court would have done, but that he should have had the opportunity to appeal, and that his appeal rights were taken from him due to Mark Rose's, you know, erroneous advice. And, recently, People v. Brown, Illinois Supreme Court case People v. Brown does not involve a deportation. In Brown, they chose not to apply the Hall standard, and they found that Lee, they discussed Lee, and found that Lee distinguished an ineffective assistance claim involving a matter of trial strategy related to a defendant's acquittal prospects from a claim involving a defendant's understanding of the consequences of pleading guilty. But, in this case, don't you really need to show that it would have been rational for him to have turned that, assuming the correct advice, that it would have been rational for him to turn down that plea offer and go to trial? I don't, he doesn't have to show that he would have turned down the plea offer and gone to trial. He would have, he has to show that it would have been rational for him, had he known he was, you know, losing his right to appeal, that he would be rational to turn down a plea. And it absolutely would be, because he was 33 years old, a cap of 70 years is no, you know, an unappealable cap of 70 years is no better than a blind plea. Had he known that he could not appeal a sentence, a blind plea here would have been much better, because at least you have the chance of going to a higher court and having another court take a look at your case. I mean, 90 years, when you're 33, is not better than 70 years. It would ensure he gets out at 117 instead of 96. So here, the 70-year cap that he could not appeal was a bad deal, and it would have been rational for him to either try his luck at trial, where, who knows, maybe a jury would take pity on, you know, his murder-suicide family history, or he could have entered into a blind plea and said, well, you know, maybe I'll get 70 under a blind plea, but at least that I can appeal. And he was not, he wasn't given the option, because he was uninformed, and this plea was not knowingly made, which was, you know, the difference between here and Brown. In Brown, the court found that the defendants, it would not have been rational for him there, because the state had dropped several charges, and he got a mid-range sentence of 18 years. But here, as I just discussed, would have been more than rational for him to turn down that 70-year cap if he knew that he could not appeal it. But for counsel's erroneous advice, Allen would not have entered into a plea agreement for a non-appealable cap sentence of 70 years. He was effectively, I mean, having an appeal on a sentence where you can't appeal, or, pardon me, I said that backwards. Having a direct appeal where you cannot appeal your sentence is tantamount to not even having a direct appeal. I mean, there's just, 70-year sentence, he should have the option. He should have known that he was giving up his right to appeal his sentence. Mr. Allen was prejudiced by counsel's deficient performance, and it rendered his plea unknowing, unintelligent, and involuntary. Allen respectfully requests that this honorable court vacate his guilty plea and remand this cause for further proceedings. Thank you. Counsel. May it please the court. Counsel. The defendant argues that his guilty plea counsel induced him to plead guilty by informing him that he could appeal a sentence, and he claims that he could not appeal a sentence because his pleading included a sentence cap. The defendant pled guilty to murder and attempt murder pursuant to a plea agreement that included a sentence cap of 50 years on the murder charge and 20 on the attempt murder. The people dismissed two other counts of murder and one count of aggravated battery as part of that plea. Supreme Court Rule 604D defines a negotiated plea of guilty as, quote, prosecution has made concessions related to the sentence to be imposed and not merely to the charge or charges impending, end quote. Thus, in this case, defendant's guilty plea was a negotiated plea as it is defined under Rule 604D. Rule 604D also clearly states that no appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant within 30 days of imposition of sentence files a motion to withdraw the plea of guilty and vacate the judgment. Our Supreme Court in Evans ruled that under 604D, the defendant who enters into a negotiated guilty plea must file a motion to withdraw his plea and vacate his conviction before he may appeal a sentence. This rule was extended to guilty pleas involving a sentence cap in People v. Linder in 1999. The trial judge properly admonished the defendant according to 605C that he had to file a motion to withdraw it and that any issue or claim of error that he did not raise in his motion would be waived. To preserve a sentencing issue for appeal, defendant merely had to include it in his motion to withdraw. And defendant did that in both cases under both attorneys who filed a motion to withdraw his plea and he included the sentencing issue in those motions. He just did not, prior appeal and in this appeal, he has not appealed the sentence. As in a race, it is an issue. In his main brief, defendant quoted from leave the United States opinion in which the court rejected the adoption of a per se rule that a defendant cannot show prejudice from the denial of his right to trial where the defendant had no viable defense. People filed a motion to add People v. Brown as additional authority in this case and this court allowed that motion. Brown was decided in November of 2017 after all the briefs were filed in this case and it extensively discusses Lee and the other cases that the parties cited in their briefs. Brown is on point and it is controlling in this particular appeal. Brown entered into a negotiated guilty plea to the charge of being an armed habitual criminal in exchange for a sentence of 18 years in prison and no processing of another charge. Brown agreed with the plea terms. He denied being promised anything. He denied being threatened or forced to accept a plea. And consistent with his plea agreement, the judge sentenced him to 18 years and dismissed a home invasion charge. In an amended post-conviction petition, Brown alleged that his plea counsel told him he would serve only 50% of his sentence when pursuant to statute he actually had to serve 85%. Brown said he would not have accepted the plea had he known he had to serve the 85%. The Brown court noted that Brown's allegation involved his understanding of the consequence of a guilty plea, the type of claim that was considered in Lee and not by our Supreme Court in Valdez and Hughes. The court noted that unlike in Lee, nothing in Brown's plea colloquy showed his primary focus was on serving 50% of his sentence. And for now, Brown denied on the record that he was promised anything during the plea negotiation, which is similar to here. Our defendant also denied being threatened or coerced or promised anything. The Brown court held neither Lee nor any decision from this court allows an ineffective assistance claim to satisfy the requisite prejudice prong based solely on the bare allegation that the defendant would have rejected the plea if his guilty plea counsel had provided accurate advice. The Brown court also held that Brown's allegation in his petition standing alone was insufficient to establish prejudice and pursuant to Lee and his decisions in Valdez and Hughes. Courts must examine the circumstances surrounding the plea, including any dismissed charges in the sentences that the defendant could have received if he was convicted following the trial. The Brown court rejected the assertion that Lee lowered the threshold for establishing prejudice when an ineffective assistance claim involves the consequence of pleading guilty. And the Brown court concluded that Brown failed to establish the requisite showing of prejudice because he had not shown that a decision to reject his plea bargain would have been rational under the circumstances of his case. And that's similar to this case. There's no way in the world this defendant could have been found not guilty with a video showing him stabbing the victims. Under Brown, the defendant's right to appeal a sentence is a consequence of the plea. The defendant cannot show prejudice from his bare allegation that he would have rejected his plea  The people ask this court to affirm the trial judge's denial of the defendant's motion to withdraw his guilty plea following remand. Does the court have any questions? Thank you, Your Honor. Thank you, Counsel. Nothing further. Thank you, Counsel. The court will take this case under advisement. Now we'll take a break.